IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMX, LLC, | ) |
|     Plaintiff, | ) Case No. _____ |
| v. | ) |
| | ) **COMPLAINT FOR DECLARATORY** |
| LEGRAND HOME SYSTEMS, INC., | ) **AND OTHER RELIEF AND** |
| | ) **DEMAND FOR TRIAL BY JURY** |
|     Defendant. | ) |

Plaintiff AMX, LLC ("AMX") by and through its undersigned attorneys, files this Complaint for declaratory and other relief against Defendant Legrand Home Systems, Inc. ("Legrand"), states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff AMX is a limited liability company organized under the laws of the State of Delaware with its principal place of business located at 3000 Research Drive, Richardson, Texas 75082. Due to the actions of Defendant Legrand, as described in detail below, AMX has lost sales opportunities and has been injured in this judicial district.

2. On information and belief, Defendant Legrand is a corporation organized under the laws of the State of Delaware with its principal place of business in the United States at 60 Woodlawn Street, West Hartford, Connecticut 06110. Legrand may be served through its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1338(a), and 2201 because the claims for declaratory relief alleged in this Complaint arise under the patent laws of the United States, 35 U.S.C. §1 et. seq.

4.   This Court can enter the declaratory relief sought in this Complaint because this case presents an actual controversy within this Court's jurisdiction. 28 U.S.C. §§2201 and 2202.

5.   Venue is proper in this Judicial District because: (1) upon information and belief, Defendant does business in this District, and (2) because a substantial part of the acts giving rise to this claim occurred in this District. 28 U.S.C. §1391(b)-(c).

## NATURE OF THE COMPLAINT

6.   In this action, AMX seeks the Court's declaratory judgment that: (1) AMX and certain of its products do not infringe any claims of U.S. Patent No. 7,394,451 asserted by Legrand (the "Asserted Patent"), or of any related patents; and/or (2) the claims of the Asserted Patent, or of any related patents, are invalid.

## GENERAL ALLEGATIONS

7.   AMX designs, develops, and markets integrated control systems that enable customers to operate a broad range of electronic and programmable equipment in a single system within a variety of corporate, educational, industrial, entertainment, governmental, and residential settings.  More specifically, AMX's hardware and software products provide the operating system, machine control, and user interface necessary to operate electronic devices from different manufacturers as an integrated network through easy-to-use control panels. AMX's systems provide centralized control for thousands of different electronic devices, including video systems, audio systems, teleconferencing equipment, educational media, lighting equipment, environmental control systems, and security systems.  AMX developed and sells, among other things, certain software that enables residential customers to operate its televisions and other audio and video equipment regardless of its individual manufacturers—all with one AMX device.

8.      Among its product line is the NXD-100VI Modero (the "AMX Product"), which is a 10 inch touch panel utilizing voice-over internet protocol technology for use in digital home/office intercom networks.

9.      By letter dated September 23, 2010, Defendant Legrand, through Basam E. Nabulsi, an attorney at the law firm of McCarter & English, wrote to AMX as follows:

> Our attention has been directed to certain touch panels commercially available from AMX, LLC ("AMX"). In particular, we have reviewed literature directed to the NXD-1000Vi Modero® Touch Panel and have determined that this product draws upon functions and features that are disclosed and claimed in the '451 patent. In particular, we note that the use of a motion sensor to wake the panel when the panel is approached falls squarely within the scope of the '451 patent.

Attached to Legrand's September 23, 2010, letter was a copy of the Asserted Patent.

10.     Legrand has asserted rights under the Asserted Patent based on the AMX Product, and AMX denies that the AMX Product infringes any valid claim of any of the Asserted Patent.

11.     As a consequence of Legrand's assertions of infringement, thereby interfering with directly and indirectly AMX's business and attempts to obtain business, an actual controversy presently exists between AMX and Legrand as to the invalidity and non-infringement of the Asserted Patent.

## COUNT I

### (Declaratory Judgment of Noninfringement)

12.     AMX hereby incorporates and realleges Paragraphs 1 through 11 above as though fully set forth herein.

13.     AMX is entitled to a declaratory judgment of this Court that claims of the Asserted Patent is not infringed by AMX, the AMX Product, or the manufacture, use, sale, or offering for sale thereof.

## COUNT II

### (Declaratory Judgment of Invalidity)

14. Paragraphs 1-14 are incorporated by reference as if stated fully herein.

15. The Asserted Patent is invalid because the alleged invention fails to satisfy the conditions for patentability specified in Title 35, United States Code, including §§ 102, 103 and/or 112 thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff AMX, Inc. prays that this Court enter judgment as follows:

1. For a declaration of this Court that the Asserted Patent and each of its claims are invalid, unenforceable, and/or not infringed by Plaintiff;

2. For costs and reasonable attorneys' fees incurred in connection with this action under 35 U.S.C. §285; and

3. For such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues triable to a jury.

Respectfully submitted,

By:/s/ *Peter S. Vogel*
Peter S. Vogel
Texas State Bar No. 20601500
Barry M. Golden
Texas State Bar No. 24002149
Peter L. Loh
Texas Bar No. 24036982
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999 3000 (telephone)
(214) 999 4667 (facsimile)
EMAIL: pvogel@gardere.com
EMAIL: bgolden@gardere.com
EMAIL: ploh@gardere.com

**ATTORNEYS FOR PLAINTIFF AMX, LLC**